UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE EVANS,<br>      Plaintiff, | :<br>:<br>: |
| v. | :   No. 5:24-cv-6593 |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KIKA SCOTT, *ACTING DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES*; KRISTI NOEM, *SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY*;<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**O P I N I O N**
Motion to Dismiss, ECF No. 12 - Granted

**Joseph F. Leeson, Jr.**                                                                             February 24, 2026
**United States District Judge**

**I.**     **INTRODUCTION**

Plaintiff Maurice Evans brings this action against the United States Citizenship and Immigration Services ("USCIS") and the United States Department of Homeland Security ("DHS") seeking a declaration that Evans is a citizen of the United States of America. Evans sought an Application for Certificate of Citizenship with USCIS, which it denied. Arguing the failure to appeal the denial of that decision to the Administrative Appeals Unit ("AAU"),[1] Defendants move to dismiss this case for failure to exhaust administrative remedies and lack of subject matter jurisdiction. For the following reasons, the Motion to Dismiss is granted.

---

[1]     The AAU is also known as the Administrative Appeals Office ("AAO").

## II. BACKGROUND

### A. Procedural History

The above-captioned action was initiated on December 10, 2024, against USCIS, DHS, and officials from those agencies. *See* Compl., ECF No. 1. Evans asserted that Defendants' failure to decide his then-pending Application for Certificate of Citizenship (Form N-600) was an ultra vires action in violation of the Administrative Procedures Act, 5 U.S.C. § 555(b), and sought to compel adjudication of his Application with a writ of mandamus, *see* 28 U.S.C. § 1361. *See id.* After the USCIS denied Evans' Application for Certificate of Citizenship on May 7, 2025, he filed an Amended Complaint challenging the decision of the USCIS. *See* Am. Compl. ¶¶ 29, 35-38, ECF No. 10 (filed June 30, 2025). The Amended Complaint seeks de novo review of Evans's citizenship status pursuant to 8 U.S.C. § 1503 and requests a declaration that he is a citizen of the United States of America. *See id.* at ¶¶ 50, 62.

On September 29, 2025, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Mot./Mem., ECF No. 12. Defendants argue that Evans failed to exhaust administrative remedies by not appealing the denial of his Application within the prescribed time, which is a jurisdictional prerequisite of 8 U.S.C. § 1503(a), the failure of which deprives this Court of subject matter jurisdiction, and that the Declaratory Judgment Act does not create an independent basis for jurisdiction. *See* Mot. 2-3; Mem. 4-5. Evans filed a response in opposition on November 12, 2025, asserting that exhaustion is not a precondition to seeking relief, which the Declaratory Judgment Act provides. *See* Opp., ECF No. 15. Defendants replied on November 25, 2025. *See* Reply, ECF No. 16.[2]

---

[2]   Evans subsequently sent a letter requesting oral argument, *see* ECF No. 17, but this Court finds that oral argument is not necessary and denies the request. *See also* ECF No. 18 (Defendants' letter suggesting that oral argument would not be helpful).

B.    **Factual Allegations**

Evans's biological mother and biological father are unknown, and he was never adopted. *See* Am. Compl. ¶¶ 14-15.  Evans lacks actual knowledge of his date of birth or current age. *See id.* ¶¶ 16-17.  He lacks actual knowledge of his birth name but recalls third parties referring to him as "Maurice Evans." *See id.* ¶ 18.  Evans, who was found in the United States, recalls living in the State of New York and in no other country. *See id.* ¶¶ 19-21.  His earliest recollection was being beat up and severely abused prior to ever attending any school, when he was pre-pubescent. *See id.* ¶ 21.  Because the State of New York required individuals that reached age five (5) on or before December 31 of any given year to attend kindergarten, he avers that his abuse occurred prior to age five (5). *See id.*

On June 29, 2020, Evans filed a Form N-600, Application for Certificate of Citizenship with Defendant-USCIS, which sought the issuance of a certificate of citizenship. *See id.* ¶ 28.  The Application was premised on 8 U.S.C. § 1401(f), which states: the "following shall be nationals and citizens of the United States at birth: . . . a person of unknown parentage found in the United States while under the age of five years, until shown, prior to his attaining the age of twenty-one years, not to have been born in the United States." *See id.* ¶ 29; 8 U.S.C. § 1401(f).  The Application remained pending for several years, which prompted Evans to initiate the above-captioned action seeking mandamus and declaratory relief. *See* Am. Compl. ¶ 31.

Thereafter, on May 7, 2025, the USCIS denied Evans's Application for Certificate of Citizenship.[3]  *See id.* ¶ 32 and Ex. E.  Evans argues that the USCIS decision was based on

---

[3]    There are no allegations in the Amended Complaint as to whether Evans appealed the denial to the Administrative Appeals Unit. *See generally* Am. Compl.  In their briefs regarding the Motion to Dismiss, *see* ECF Nos. 12, 15-16, both parties agree that Evans did not appeal and that the time for filing an appeal has passed.

assumptions, contained contradictory information, and was made without any reasonable, legitimate, reliable, and/or relevant evidence. *See id.* ¶¶ 29, 35-38. He complains that the USCIS decision relied, in part, on the fact that Evans was placed in removal proceedings in 1994 and 1995, even though the 1994 appeals Board found that the removal proceedings were based on inconsistent statements made by Evan's alleged guardian, who had abused him, and the immigration court in 1995 precluded Defendants from relitigating issues regarding Evan's school records and birth certificate. *See id.* ¶¶ 41, 43. He further complains that the USCIS decision ignored Evans's removal proceedings in 2008, during which the Immigration Court noted that Evans's "case [was] a mess," and ruled that "there [was] simply no rational way for [the] court to deem [Evans] an alien of the United States." *See id.* ¶¶ 40-44 and Exs. C, E.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss, Rule 12(b)(1) – Review of Applicable Law

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."

*Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (internal quotations omitted). A factual attack, in contrast, challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* A factual attack "cannot occur until plaintiff's allegations have been controverted[,]" *Mortensen*, 549 F.2d at 892 n.17, which occurs when the movant files an answer or "otherwise presents competing facts." *Aichele*, 757 F.3d at 358. "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original).

      **B.**      **Judicial Review of Denial of a Certificate of Citizenship**

Pursuant to 8 U.S.C. § 1452(a), a person may apply to the Attorney General for a certificate of citizenship by filing with USCIS a Form N-600. If the USCIS denies the application, the person may file an appeal within thirty (30) days with the Administrative Appeals Unit ("AAU"). *See* 8 C.F.R. §§ 103.3, 320.5(b). If the AAU denies the appeal, the person "may then bring a declaratory judgment action under 28 U.S.C. § 2201 and 8 U.S.C. § 1503(a) challenging the adverse administrative action." *Juste v. Sec'y United States Dep't of State*, 697 F. App'x 130, 131 (3d Cir. 2017). Section 1503(a) provides that an action "may be instituted only within five years after the *final* administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts." 8 U.S.C. § 1503(a) (emphasis added). "As section 1503(a) expressly requires a 'final administrative denial' before any such action may be instituted, a federal district court does

not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies." *United States v. Breyer*, 41 F.3d 884, 892 (3d Cir. 1994).

### C.  The Declaratory Judgment Act

"The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not independently grant subject-matter jurisdiction." *Temple Univ. Hosp. v. Sec'y United States HHS*, 2 F.4th 121, 132 (3d Cir. 2021) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017)).  Instead, the Act "provides a remedy for controversies otherwise properly within the court's subject matter jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)).  The "availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (holding that "the Declaratory Judgment Act is not an independent source of federal jurisdiction").

### IV.  ANALYSIS

Initially, this Court notes that because Defendants have not answered the Amended Complaint, their Motion to Dismiss presents a facial attack.  *See Askew v. Trs. of the Gen. Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) (determining that because "the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial").  The Amended Complaint does not allege that Evans filed an appeal with the AAU.  Whether Evans has alleged sufficient facts to establish this Court's jurisdiction is therefore dependent on whether an appeal to the AAU is necessary to exhaust administrative remedies and/or whether jurisdiction may be based on the Declaratory Judgment Act.  *See Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d

Cir. 1998) (holding that it is the plaintiff's "responsibility to clearly allege facts that invoke the court's jurisdiction" (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)[4])).

Contrary to Evans' suggestion, his administrative denial was not "final" for purposes of seeking judicial review with the decision of the USCIS.  *See Breyer v. Meissner*, 214 F.3d 416, 420 (3d Cir. 2000) (referring to the INS's denial of Breyer's Application for Certificate of Citizenship as the "initial decision" and to the decision of the AAU as the "final denial").  The Third Circuit Court of Appeals, like other Circuit courts, holds that "[t]here is no final administrative denial where the person failed to appeal the rejection of his Form N–600 Application for Certificate of Citizenship to the Administrative Appeals Unit."  *Bryan v. United States Citizenship & Immigration Servs.*, 506 F. App'x 151, 153 (3d Cir. 2012).  *See also, e.g. Johnson v. Whitehead*, 647 F.3d 120, 125 (4th Cir. 2011) (concluding that the petitioner failed to exhaust administrative remedies by failing to appeal the rejection of his Form N-600 Application for Certificate of Citizenship to the AAU); *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007) (explaining that a person whose application for citizenship is denied can seek a judicial declaration of citizenship after first exhausting agency procedures by appealing to the AAU); *Johnson v. DOJ*, No. 04-110, 2004 U.S. Dist. LEXIS 10527, at *6 (E.D. Pa. June 3,

---

[4]   The Supreme Court in *Renne* explained:
Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so. We presume that federal courts lack jurisdiction "unless 'the contrary appears affirmatively from the record.'" *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986), quoting *King Bridge Co. v. Otoe County*, 120 U.S. 225, 226, 30 L. Ed. 623, 7 S. Ct. 552 (1887). "'It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Bender, supra*, at 546, n. 8, quoting *Warth v. Seldin*, 422 U.S. 490, 517-518, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975).
*Renne*, 501 U.S. at 316.

2004) ("If the applicant is denied citizenship by the Administrative Appeals Unit, he or she may *then* bring an action in federal district court seeking a declaratory judgment of citizenship." (emphasis added)); *Mendoza v. Dep't of Homeland Sec.*, No. 21-10413 (KM), 2022 U.S. Dist. LEXIS 97022, at *7 (D.N.J. May 27, 2022) ("Courts in this district have held that administrative remedies are exhausted when an applicant's appeal is denied by the Administrative Appeals Unit of U.S. Citizenship and Immigration Services." (citing cases)).

"Failure to appeal at all available levels constitutes a failure to exhaust, thus depriving [the court] of jurisdiction." *Bryan*, 506 F. App'x at 153. Evans's assertion that exhaustion is not jurisdictional is therefore without merit. *See id.* at 151 (dismissing the petition for review of the USCIS decision denying the petitioner's Form N-600 for lack of jurisdiction because the petitioner did not appeal the denial to the AAU). *See also Breyer*, 41 F.3d at 892 ("As section 1503(a) expressly requires a 'final administrative denial' before any such action may be instituted, a federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies. *Whitehead v. Haig*, 794 F.2d 115, 119 (3d Cir. 1986).").

Because the exhaustion requirement is based on a statutory requirement, *see id.*; 8 U.S.C. § 1503(a), Evans' argument that exceptions to exhaustion excuse his failure to exhaust is also without merit, *see Bin Lin v. AG of the United States*, 543 F.3d 114, 120 (3d Cir. 2008) (explaining that while a court has some discretion to excuse a plaintiff's failure to comply with "judicially-crafted exhaustion doctrines, statutory exhaustion requirements deprive [the court] of jurisdiction over a given case"). The Amended Complaint must therefore be dismissed unless there is another basis for this Court's jurisdiction. *See Smeltz v. Mayorkas*, No. 3:23cv636, 2024 U.S. Dist. LEXIS 173087, at *25 (M.D. Pa. Sep. 25, 2024) (reviewing the facial attack under

Rule 12(b)(1) and dismissing the plaintiff's claims because "the amended complaint does not indicate that plaintiff exhausted his administrative remedies").

Evans alleges that he has a claim under the Declaratory Judgment Act. "The Declaratory Judgment Act does not, however, provide an independent basis for subject-matter jurisdiction; it merely defines a remedy." *Allen*, 861 F.3d at 444. Because this Court lacks jurisdiction, the Amended Complaint is dismissed. *See Nagle v. Jaddou*, 751 F. Supp. 3d 501, 513 (E.D. Pa. 2024) (dismissing the Declaratory Judgment Act claims for lack of subject matter jurisdiction after finding no final agency action subject to judicial review under the Administrative Procedure Act and dismissing those claims).

## V.     CONCLUSION

Evans seeks judicial review of the decision of the USCIS to deny his Application for Certificate of Citizenship. This Court has jurisdiction to review the denial only if Evans fully exhausted administrative remedies by first appealing the denial to the AAU. He did not. Because the Amended Complaint does not allege exhaustion and the Declaratory Judgment Act does not provide an independent basis for jurisdiction, it is dismissed. Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is granted.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge